IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **VS.** | ) | **CRIMINAL NO. 07-00084-KD** |
| **DARRYL JOSEPH WILLIAMS,** | ) | |
| **Defendant.** | ) | |

## ORDER

On this date, defendant Darryl Joseph Williams appeared before the undersigned for a non-jury trial.[1]  Present for the trial were defendant, his defense counsel Cindy Powell, and Assistant United States Attorney Darryl Atchison appearing on behalf of the United States.

Upon consideration of the joint stipulation of facts (doc. 31), and the results of the forensic evaluation performed at the Federal Correctional Complex in Butner, North Carolina, the court finds defendant Darryl Joseph Williams not guilty only by reason of insanity of the offenses in the indictment, see 18 U.S.C. § 4242(b)(3), to wit: stealing, taking or carrying away a firearm from a licensed firearms dealer, in violation of 18 U.S.C. § 922(u); prohibited person (domestic violence offender) in possession of a firearm, in violation of 18 U.S.C. § 922(g)(9); and providing false or fictitious information to a licensed firearms dealer, in violation of 18 U.S.C. 922(a)(6).

Pursuant to 18 U.S.C. § 4243(c) and (e), when a special verdict of not guilty only by reason of insanity at the time of the offense is entered, the court must hold a hearing not later than forty days after the special verdict, at which the court must determine whether Williams has met his burden of proving by a preponderance of the evidence that "his release would not create

---

[1] The parties have waived their respective right to trial by jury (docs. 32, 33).

a substantial risk of bodily injury to another person or serious damage to property of another due to a present mental disease or defect." United States v. Baker, 155 F.3d 392, 394 (4th Cir. 1998); 18 U.S.C. § 4243(d). If the court "fails to find" that Williams "has met this burden", id. then the court must "commit [Williams] to the custody of the Attorney General" who "shall release [him] to the appropriate official of the State in which [he] is domiciled or was tried if such state will assume responsibility for his custody, care, and treatment". 18 U.S.C. § 4243(e).

Previously, counsel had discussed with the court whether Williams could be released with conditions to insure strict compliance with his medication regimen, released without conditions, or committed to the Attorney General. However, the court having found Williams not guilty only by reason of insanity at the time of the offense pursuant to 18 U.S.C. § 4242(b)(3), found that it only has authority to commit Williams or release him unconditionally. United States v. Stewart, 452 F.3d 266, 270 (3rd Cir. 2006) ("Under § 4243(e), which governs the disposition of a § 4243(c) hearing, a district court is only granted authority to either commit the defendant or release him unconditionally.") (citing Baker, 155 F.3d at 394-95) (footnote omitted). The court then discussed with counsel a time frame for a hearing required pursuant to 18 U.S.C. § 4243(c). Defense counsel, afer conferring with her client, stated that Williams did not want additional time to prepare for the hearing and declined to present any evidence.[2] Counsel for defendant believes that it is in her client's best interest to be committed and then considered for conditional discharge.

---

[2] This decision was made in light of the prior evidence that Williams is mentally stable only when he is strictly compliant with medication. In determining dangerousness to the community under 4243(e) and (c), the court cannot consider a conditional release. See Stewart, 452 F.3d at 270; Baker, 155 F.3d at 394; United States v. Carbullido, 251 F. 3d 833 (9th Cir. 2001).

Accordingly, the undersigned finds that Williams has failed to meet his burden of proving by a preponderance of the evidence that "his release would not create a substantial risk of bodily injury to another person or serious damage to property of another due to a present mental disease or defect" Baker, 155 F.3d at 394, and it is **ORDERED** that Williams be committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4243(e) until such time as he is eligible for discharge pursuant to 18 U.S.C. § 4243(f).

The U. S. Marshal is hereby **ORDERED to immediately** transport Williams into the custody of the Attorney General.

**DONE** and **ORDERED** this 20th day of April, 2009.


                              s/ Kristi K. DuBose
                              **KRISTI K. DuBOSE**
                              **UNITED STATES DISTRICT JUDGE**