**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| vs. | ) | **CRIMINAL NO. 07-0084-KD** |
| | ) | |
| **DARRYL JOSEPH WILLIAMS,** | ) | |
| | ) | |
|     **Defendant.** | ) | |

**ORDER**

      Previously, Darryl Joseph Williams was found not guilty only by reason of insanity and committed to the custody of the Attorney General until eligible for discharge pursuant to 18 U.S.C. § 4243(f) (doc. 34). The Court has now received a letter from Warden B. R. Jett of the Federal Medical Center at Rochester, Minnesota, wherein he informs the Court that Williams continues to suffer from a mental illness but does not present a danger to others or the property of other, if released under certain conditions including psychiatric care and recommends conditional release in accord with the Certificate of Conditional Release.

      On June 17, 2010, a hearing was held before the undersigned to address the issue of conditional release. Williams attended the hearing by video teleconference. His counsel Cindy Powell and Assistant United States Attorney Daryl Atchison attended the hearing.

      Upon consideration of the Annual Risk Assessment and the Certificate of Conditional Release provided by the Warden, and the testimony presented at the hearing, the Court finds by a preponderance of the evidence that Williams has recovered from his mental disease or defect to the extent that his "conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment would no longer create a substantial risk of bodily injury to another person or serious damage to property of another." 18 U.S.C. § 4243(f)(2); § 4243(d).

Accordingly, it is **ORDERED** that Williams be conditionally discharged under the following prescribed regimen of medical, psychiatric, or psychological care or treatment that has been prepared for him and which has been certified to the court as appropriate by Warden Jett in the Certificate of Conditional Release, see 18 U.S.C. § 4243(f)2(A), as follows:

1. Mr. Williams shall be admitted to Serenity Care, 1951 Dawes Road, Mobile, Alabama, for residential drug and alcohol treatment upon notification that a bed is available and transportation can be arranged, and he shall enter into outpatient mental health care with a provider designated by the U.S. Probation Officer (USPO).

2. If he should need to be transferred to another facility for any reason, he shall cooperate with such transfer and comply with all treatment recommendations.

3. When the Serenity Care program is completed successfully, Mr. Williams shall comply with the mental health treatment program which is arranged for him, whether it be outpatient care while living with his mother or admission to a structured residential facility.

4. He shall continue to take psychotropic medication as prescribed by the clinicians at the outpatient or inpatient mental health facility. Refusing prescribed medications may be cause for revocation of the conditional release.

5. He shall agree to undergo serum blood level screening, if ordered by the treating physician, to ensure a therapeutic level of medication is maintained.

6. While on outpatient status, should it at any time be deemed necessary by treating clinicians, he may be returned to inpatient status at a facility designated by the Alabama Department of MH/MR.

7. Mr. Williams shall sign a release of information form granting his consent for open

communication between his mental health clinicians, the substance abuse counselors, his parents, and the USPO.

8. He shall not possess a weapon of any kind.

9. He shall remain abstinent from all non-prescription drugs and alcohol, and shall cooperate with urine analysis screening to monitor his compliance. The use of illegal drugs shall be cause for revocation of the conditional release.

10. He shall be supervised by the United States Probation Office for a **period of two (2) years** to ensure compliance with the standard conditions of release.

11. The medical provider may at any time recommend modification or elimination of the regimen of medical, psychiatric or psychological care or treatment, upon certification to this Court that to do so would not create a substantial risk of bodily injury to another person or serious damage to the property of another. Any party requesting modification or termination of the conditions of release shall submit adequate documentation supporting the request through the Supervisory U.S. Probation Officer, to the Criminal Division of the U.S. Attorney's Office for the Southern District of Alabama for a determination as to whether a motion for release should be filed.

It is further **ORDERED,** as an "explicit condition of release", that Williams "comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment." 18 U.S.C. § 4243(f)(2)(B).

**DONE** and **ORDERED** this June 17, 2010.

                                         **s/ Kristi K. DuBose**
                                         **KRISTI K. DuBOSE**
                                         **UNITED STATES DISTRICT JUDGE**